[Cite as *State v. Walker*, 2016-Ohio-1462.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15CA104 |
| GARY D. WALKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Richland County Common
                                                             Pleas Court

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:         April 6, 2016

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

BAMBI COUCH PAGE                        GARY D. WALKER, PRO SE
PROSECUTING ATTORNEY             Inmate #554324
RICHLAND COUNTY, OHIO             Lebanon Correctional Institution
                                                             3791 State Route 63
By: DANIEL M. ROGERS                   Lebanon, Ohio 45036
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Gary D. Walker appeals the November 19, 2015 Judgment Entry entered by the Richland County Court of Common Pleas denying his Motion to Correct Void Sentence and Presentence Motion to Withdraw Guilty Plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 2, 2009, Appellant was convicted and sentenced in the Richland County Court of Common Plea on multiple charges, including Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32, a felony of the second degree.

{¶3} In his most recent motion filed November 2, 2015, Appellant requested the trial court take judicial notice of the March 25, 2004 Sentencing Journal Entry entered by the Cuyahoga County Court of Common Pleas, in CR446954. The trial court refused to do so, noting six years had passed between Appellant's original sentencing and when Appellant first presented it with that entry of a prior conviction, and there was insufficient evidence in the record at the time of sentencing to support the imposition of a mandatory sentence.

{¶4} Appellant maintains he previously entered a plea of guilty to one count of Drug Possession, in violation of R.C. 2925.11, a felony of the second degree, in the Cuyahoga County Court of Common Pleas, Case No. CR446954. Therefore, pursuant to R.C. 2929.13(F)(6), the trial court was required to impose a mandatory term of imprisonment.

{¶5} Appellant filed a notice of appeal from his conviction and sentence on July 1, 2009. On September 24, 2009, this Court dismissed the appeal on Appellant's motion.

{¶6} On September 28, 2009, Appellant filed a Motion for Sentencing claiming he was not properly advised of the consequences of violating post-release control. On December 30, 2009, the trial court conducted a video conference notifying Appellant of his post-release control obligations.

{¶7} On January 14, 2010, Appellant filed a Motion to Dismiss for lack of jurisdiction claiming the grand jury failed to return a valid indictment. On January 28, 2010, Appellant filed a Supplemental Motion to Withdraw Guilty Plea.

{¶8} On March 3, 2010, Appellant filed a Petition for Writ of Prohibition with the Supreme Court of Ohio regarding his motion to withdraw guilty plea. The Ohio Supreme Court dismissed Appellant's Petition for Writ of Prohibition on May 5, 2010.

{¶9} Thereafter, Appellant continued to file various post-trial motions with the trial court, all of which were denied.

{¶10} Pertinent herein, on November 2, 2015, Appellant filed a Motion to Correct Void Sentence and Presentence Motion to Withdraw Guilty Plea. The trial court denied the motion via Judgment Entry of November 19, 2015.

{¶11} It is from that entry Appellant appeals, assigning as error,[1]

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO TAKE JUDICIAL NOTICE PURSUANT TO EVID.R. 201(B)(2) OF THE MARCH 25, 2004, SENTENCING JOURNAL ENTRY FROM CUYAHOGA COUNTY COMMON PLEAS COURT WHEN THIS JUDGMENT ENTRY IS NOT SUBJECT TO REASONABLE

---

[1] This case has been assigned to this Court's Accelerated Calendar pursuant to the Fifth District Court of Appeal's Local Rule 6 and Ohio Appellate Rule 11.1. Accordingly, the statement of the reason for this Court's decision as to each error may be brief and in conclusory form.

DISPUTE AND IS CAPABLE OF ACCURATE AND READY DETERMINATION BY RESORTING TO SOURCES WHOSE ACCURACY CANNOT REASONABLY BE QUESTIONED.

{¶13} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE CONTRARY TO LAW UNDER OHIO REVISED CODE § 2929.13(F)(6), THEREBY RENDERING WALKER'S SENTENCE VOID.

{¶14} "III. THE TRIAL COURT ERRED WHEN IT ACCEPTED WALKER'S UNINTELLIGENT AND INVOLUNTARY PLEAS WHICH WERE INDUCED BY AN UNFULFILLABLE PROMISE TO HAVE THE COURT IMPOSE AN ILLEGAL SENTENCE CONTRARY TO R.C. 2929.13(F)(6), THEREBY RENDERING WALKER'S PLEAS IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶15} "IV. THE TRIAL COURT ERRED WHEN IT DID NOT LET WALKER RESCIND THE CONTRACTUAL AGREEMENT UNDER THE DOCTRINE OF MUTUAL MISTAKE ALTHOUGH WALKER'S PLEAS WERE UNINTELLIGENTLY AND INVOLUNTARILY ENTERED ON A MUTUAL MISTAKE OF THE FACTS AND LAW."

I., II., III., and IV.

{¶16} Upon review, Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶17} As set forth in the Statement of the Facts and Case supra, Appellant filed various post-trial motions following his dismissal of his direct appeal.

{¶18} We find all of Appellant's arguments raised herein were either raised (in the trial court) or were capable of being raised via direct appeal of his original conviction and

sentence or via subsequent appeal of the denial of his various post-conviction motions. Therefore, we find the arguments barred by the doctrine of res judicata.

{¶19} Appellant maintains his sentence is void because the trial court failed to impose a mandatory prison term pursuant to R.C. 2929.13(F)(6); thus reviewable at any time. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238. Appellant asserts because he was convicted of a first or second degree felony, and had previously been convicted of or entered a plea of guilty to a first or second degree felony in another jurisdiction, failure to impose a mandatory prison term renders his sentence illegal; therefore, void.[2] We disagree.

{¶20} Unlike void sentences, voidable sentences are not reviewable at any time and are subject to res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 NE 2d 104 (1967). The trial court sentenced Appellant pursuant to a plea agreement, to a non-mandatory sentence. The trial court had subject matter jurisdiction to impose the sentence. It would normally be considered beneficial to a defendant not to be subject to a mandatory sentence. Yet Appellant now seeks to benefit from an error he failed to bring to the trial court's attention at the time of sentencing, which error was beneficial to him. To allow him to do so now would allow him to benefit for an error he seemingly invited, or at least condoned.

---

[2] Appellant cites *State v. Williams*, 2nd Dist. No. 2011CA44, 2012 Ohio 1240. However, we find *Williams* distinguishable from the procedural history herein as *Williams* involved a direct appeal of the defendant's conviction; therefore, voidness and the doctrine of res judicata was not at issue.

**{¶21}** Unlike the scenario presented in the post release control sentencing line of cases, the sentencing error alleged herein required the trial court to consider a sentencing factor outside the four corners of the statute itself. The *Fischer* Court specifically held,

Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control. In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute. In light of the General Assembly's enactment of R.C. 2929.191, it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences. Even if that is not the case, however, we would be ill-served by the approach advocated by the dissent, which is premised on an unpalatable and unpersuasive foundation.

*Fischer* 128 Ohio St.3d 92, at 100.

**{¶22}** We look to the rationale set forth by Justice Lanzinger and concurred in by Justices French and O'Neill in the dissenting opinion in *In re J.S.,* 136 Ohio St.3d 8, 2013-Ohio-1721. Although only persuasive as an advisory opinion because the case was ultimately dismissed as improvidently accepted.[3] Justice Lanzinger's dissent accurately expresses the confusion and inconsistency in the expansion of the rule of *Fischer* when a trial court does not impose a statutorily mandated period of post release control. Justice Lanzinger opined,

---

[3] Justices O'Connor, Pfeifer, O'Donnell and Kennedy concurred in the majority opinion dismissing the appeal as being improvidently accepted.

This expansion of the rule of *Fischer* from the original cases, in which a court does not properly impose a statutorily mandated period of postrelease control, to an increasing number of non-postrelease-control cases, in which the court failed to comply with a statute, has led to confusion. It is unclear whether *Fischer* truly applies to the "discrete vein of cases" identified in its text, subject to certain exceptions as recognized by this court, or whether, contrary to its language, *Fischer* applies to any case in which a court failed to comply with a statutory provision.

\*\*\*

A decision in this case could help to provide order to this area of the law. Now is the proper time to closely reexamine the void-sentence doctrine to reaffirm basic principles of our jurisprudence.

A. *A Sentencing Error Is Voidable and Does Not Mean that the Court Lacked Jurisdiction*

It is axiomatic that a judgment by a court lacking jurisdiction is void, and thus subject to collateral attack at any time, while a judgment by a court that has made an error in exercising jurisdiction is voidable, and thus subject to correction only on direct appeal. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Stated another way, a court with subject-matter jurisdiction might impose an erroneous sentence, one that, because it does not comply completely with a statute, is contrary to law. That error may be corrected (i.e., the sentence is voidable) and then will have no effect once it is vacated. But a judgment that is void is rendered by

a court without jurisdiction and is of no effect from the beginning—it was a nullity. Before the recent void-sentence cases, Ohio law provided that errors made by a court having jurisdiction were voidable and correctable only on direct appeal, even when the errors involved significant matters of criminal procedure. We clearly explained the difference between void and voidable judgments when analyzing a court's failure to convene a statutorily mandated three-judge panel in a death-penalty case in *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992:

> \* \* \*
>
> The foregoing cases acknowledged the common understanding of the terms "void" and "voidable." The United States Supreme Court has made the same distinction:
>
> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id.*, at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id.*, § 12. \* \* \*
>
> *"A judgment is not void,"* for example, *"simply because it is or may have been erroneous." Hoult v. Hoult,* 57 F.3d 1, 6 (C.A.1, 1995).

**{¶23}** Similarly, this Court previously held the trial court's [erroneous] inclusion of the term "mandatory" in a defendant's sentence does not render the sentence illegal and

the claimed error was capable of being raised on direct appeal.[4]  We find the same logic would apply to the reverse scenario presented herein where the claimed error was the trial court's failure to include the term "mandatory" in the sentence.

**{¶24}**  Accordingly, we find Appellant's sentence was voidable, not void; therefore, subject to res judicata.

**{¶25}**  The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur

---

[4] *State v. Roush,* Fifth District Morrow County App. No. 13 CA 0008, 2014-Ohio-4887*.*