[Cite as *State v. Johnson*, 2016-Ohio-4617.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16CAA030011 |
| | : | |
| BRIAN A. JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware
County Court of Common Pleas,
Case No. 14 CR 1 01 0019

JUDGMENT:                                   AFFIRMED

DATE OF JUDGMENT ENTRY          June 23, 2016

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

CAROL O'BRIEN                            BRIAN A. JOHNSON, pro se
DELAWARE CO. PROSECUTOR     #707-245
JAHAN KARAMALI                       Chillicothe Correctional Inst.
140 N. Sandusky St., 3rd Floor       P.O. Box 5500
Delaware, OH 43015                      Chillicothe, OH 45601

*Delaney, J.*

{¶1} Appellant Brian A. Johnson appeals from the March 3, 2016 "Judgment Entry Denying the Defendant's 3/2/16 Motion for Resentencing" of the Delaware County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case has a lengthy procedural history. A statement of the facts underlying appellant's convictions upon two counts of rape is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment upon one count of rape pursuant to R.C. 2907.02(A)(1)(c) [Count I]; one count of rape pursuant to R.C. 2907.02(A)(2) [Count II]; one count of rape pursuant to R.C. 2907.02(A)(1)(c) [Count III]; one count of rape pursuant to R.C. 2907.02(A)(2) [Count IV]; one count of sexual battery pursuant to R.C. 2907.03(A)(2) [Count V]; one count of sexual battery pursuant to R.C. 2907.03(A)(1) [Count VI]; one count of sexual battery pursuant to R.C. 2907.03(A)(2) [Count VII]; and one count of sexual battery pursuant to R.C. 2907.03(A)(1) [Count VIII]. Appellant entered pleas of not guilty.

{¶4} At trial, the trial court amended Counts III, IV, VII, and VIII to attempted offenses and appellant was found guilty as charged.

{¶5} At sentencing, the trial court found Counts I, II, V, and VI merge, and Counts III, IV, VII, and VIII merge. The trial court sentenced appellant upon Counts II and IV to an aggregate prison term of 14 years.

{¶6} Appellant directly appealed the convictions and sentence; we affirmed in *State v. Brian A. Johnson,* 5th Dist. Delaware No. 14CAA070039,

2015–Ohio–1676, appeal not allowed, 43 Ohio St.3d 1501, 2015-Ohio-4468, 39 N.E.3d 1271.  Appellant applied to reopen both appeals and the applications were overruled.

{¶7}   Appellant filed his first petition for postconviction relief on February 26, 2015 and the trial court denied the petition without a hearing on March 12, 2015. A motion to reconsider was overruled.  Appellant appealed from the trial court's decision but we dismissed the appeal in *State v. Johnson*, 5th Dist. Delaware No. 15CAA030027.

{¶8}   Appellant filed a second petition for postconviction relief on October 21, 2015, which the trial court overruled the next day. Appellant appealed from that decision in *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 11 0092, 2016-Ohio-1213.   A memorandum in support of jurisdiction is pending before the Ohio Supreme Court in case number 2016-0650.

{¶9}   On November 25, 2015, appellant moved for appointment of counsel and the trial court overruled the motion.  Appellant appealed the decision in *State v. Johnson*, 5th Dist. Delaware No. 15 CAA 12 0096 and we dismissed the appeal.

{¶10} Appellant then filed, e.g., a motion to compel and a motion for judicial release, both of which were overruled.

{¶11} On March 3, 2016, appellant filed a motion for resentencing and the trial court overruled the motion in a judgment entry dated March 3, 2016.

{¶12} Appellant now appeals from the March 3, 2016 "Judgment Entry Denying the Defendant's 3/2/16 Motion for Resentencing."

{¶13} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. APPELLANT'S FUNDAMENTAL RIGHT TO 'DUE PROCESS OF LAW' AND 'EQUAL PROTECTION OF THE LAW,' GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 AND 16 OF THE OHIO CONSTITUTION; WAS VIOLATED WHEN THE (TRIAL COURT) FAILED TO COMPLY, WITH THE 'STATUTORILY MANDATED TERMS AND REQUIREMENTS,' CONTAINED WITHIN R.C. 2929.19(B)(2)(a), (b); AT THE APPELLANT'S SENTENCING HEARING, THEREBY FAILING TO NOTIFY THE APPELLANT, THAT HIS ENTIRE SENTENCE WAS MANDATORY TIME; THESE FINDINGS IN ITS JUDGMENT ENTRY ON SENTENCE PURSUANT TO CRIM.R. 32(C), THUS, RESULTING IN JURISDICTIONAL ERROR, THEREBY RENDERING THE JUDGMENT OF THE COURT, CONTRARY TO LAW, A NULLITY, AND VOID-IN-PART; WHEREBY, THE APPELLANT WAS PREJUDICIALLY DENIED, STATUTORY, PROVISIONAL NOTIFICATION, AS TO THE PRECLUSIONARY NATURE OF EARLY RELEASE METHODS, WHICH DIRECTLY CONTRIBUTED TO THE APPELLANT'S JUDICIAL RELEASE PETITION BEING FILED IN ERROR; AS THE APPELLANT WAS UNAWARE THAT HE WAS INELIGIBLE FOR SUCH RELIEF, DUE TO (THE COURT'S) ERROR IN THIS REGARD." (*sic* throughout, parentheses in original.)

{¶15} "II. APPELLANT'S FUNDAMENTAL RIGHT TO 'DUE PROCESS OF LAW,' EQUAL PROTECTION OF THE LAW,' AND THE 'EFFECTIVE ASSISTANCE OF COUNSEL,' GUARANTEED BY THE FIFTH, SIXTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2, 10, AND 16 OF THE OHIO CONSTITUTION; WAS VIOLATED WHEN (TRIAL COUNSEL) 'FAILED TO OBJECT' PURSUANT TO R.C. 2945.09; CRIM.R. 44(A); AS IT PERTAINS TO THE ISSUES RAISED WITHIN GROUND ONE (1) OF THIS SYLLABUS; FURTHERMORE, (COUNSEL) FAILED TO INFORM, CONSULT, ADVISE AND OR EXPLAIN, THE POSSIBLE PENALTY INVOLVED AS A RESULT OF PROCEEDING TO TRIAL, IN THE EVENT OF CONVICTION, VERSUS THE POSSIBLE ADVANTAGEOUS, LESSER PENALTY INVOLVED, AS A RESULT OF ENTERING AN ALFORD PLEA IN THE MATTER, AS OFFERED BY THE STATE OF OHIO, AND AS IT RELATES TO THE MANDATORY SENTENCING DISPARITY, WHICH THEREBY (PRECLUDED) INFORMED, CONSENSUAL DECISIONS BY THE APPELLANT REGARDING PLEA NEGOTIATIONS; AS (COUNSEL) VIOLATED PROF. COND. R. 1.1, COMMENT 5; PROF. COND. R. 1.4 (a)(1), (2), (4), (b), COMMENT 5; PROF. COND. R. 2.1; PROF. COND. R. 3.1; PREAMBLE 1, 2, 4; THUS RENDERING COUNSEL'S PERFORMANCE CONSTITUTIONALLY DEFICIENT, BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND A SUBSTANTIAL PREJUDICE SUFFERED BY APPELLANT.   (*sic* throughout; parentheses in original.)

## ANALYSIS

{¶16} This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E)  Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶17} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

I.

{¶18} In his first assignment of error, appellant argues the trial court failed to properly advise him his prison sentence is mandatory and therefore we should vacate his sentence. We agree to the extent that the trial court must enter a nunc pro tunc sentencing entry stating the prison terms upon the rape counts are mandatory.

{¶19} Appellant was convicted upon two counts of rape pursuant to R.C. 2907.02(A)(1)(c). The trial court is required to impose a prison term upon these convictions. R.C. 2929.13(F)(2). Relevant to appellant, the trial court may not reduce the stated prison terms and appellant is ineligible for judicial release. R.C. 2929.20. Appellant argues the trial court violated the following portions of R.C. 2929.19 (B)(2):

Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

(a) Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term;

(b) In addition to any other information, include in the sentencing entry the name and section reference to the offense or offenses, the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms, if sentences are imposed for multiple counts whether the sentences are to be served concurrently or consecutively, and the name and section reference of any specification or specifications for which sentence is imposed and the sentence or sentences imposed for the specification or specifications[.]

{¶20} Appellee acknowledges the trial court did not explicitly describe the prison terms as "mandatory" at the sentencing hearing.

{¶21} Neither party provided us with the Judgment Entry on Sentence of July 8, 2014. Upon our review of the sentencing entry and of the sentencing hearing, we note the trial court did not state that the prison terms are mandatory. This omission, however, does not render the sentence void. R.C. 2929.19(B)(7) specifically provides:

The failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences. If the sentencing court notifies the offender at the sentencing hearing that a prison term is mandatory but the sentencing entry does not specify that the prison term is mandatory, the court may complete a corrected journal entry and send copies of the corrected entry to the offender and the department of rehabilitation and correction, or, at the request of the state, the court shall complete a corrected journal entry and send copies of the corrected entry to the offender and department of rehabilitation and correction.

{¶22} Appellant argues the error requires us to vacate his sentence and remand to the trial court to permit him to accept appellee's pretrial plea offer, but this suggestion is without merit. Several courts have addressed the appropriate remedy under these circumstances: the trial court should issue a nunc pro tunc sentencing entry adding a statement that the prison term is mandatory. See, *State v. McFarland*, 7th Dist. Mahoning No. 15 MA 17, 2015-Ohio-4839; *State v. Benitez–Maranon,* 9th Dist. Summit Nos. 26461, 26659, 2014–Ohio–3575; *State v. Rasul*, 8th Dist. Cuyahoga No. 101625, 2016-Ohio-200, appeal not allowed*,* 145 Ohio St.3d 1472, 2016-Ohio-3028; see also *State v. Ware,* 141 Ohio St.3d 160,

2014–Ohio–5201, 22 N.E.3d 1082 [omission of the term "mandatory" is irrelevant because defendant's prison term is still mandatory].

{¶23} We therefore remand this matter to the trial court to issue a nunc pro tunc sentencing entry stating that appellant's rape sentences are mandatory. Accordingly, appellant's first assignment of error has merit only to the extent that the matter will be remanded for a nunc pro tunc sentencing entry. *State v. McFarland*, supra, 2015-Ohio-4839 at ¶ 27.

II.

{¶24} In his second assignment of error, appellant argues trial counsel was ineffective on a number of bases including failure to advise him of the mandatory nature of the prison term imposed and failure to explain the benefits of entering an Alford plea.

{¶25} The record does not support appellant's argument that trial counsel failed to advise him of the mandatory nature of the prison terms or that appellant would have accepted a plea offer under different circumstances. Appellant alleges rejection of a plea offer and a general "failure to object" but relies upon facts outside the record. *State v. Coles*, 5th Dist. Delaware No. 15CAA010001, 2015-Ohio-4159, ¶ 10. Postconviction relief, rather than a direct appeal, is generally the means by which a defendant may bring claims of constitutional violations based upon matters outside the record. Id., citing *State v. Kreischer*, 5th Dist. Perry No. 01–CA–04, 2002–Ohio–357, 2002 WL 106683, *3 and *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs four and nine of the syllabus.

{¶26} Postconviction relief is not available in the instant case, though; the trial court could not have treated appellant's "motion for resentencing" as a successive petition for postconviction relief because appellant failed to make the showing required by R.C. 2953.23(A).  Appellant has filed two prior petitions for postconviction relief.   Consideration of his most recent claim of ineffective assistance of counsel is barred by the doctrine of *res judicata*, which prevents repeated litigation of issues which a trial court determined, or might have determined, in an earlier petition for postconviction relief in the same case. *State v. Harper*, 6th Dist. Lucas No. L-98-1126, 1998 WL 568050, *1 (Aug. 28, 1998), citing *State v. Castro*, 67 Ohio App.2d 20, 425 N.E.2d 907 (8th DIst.1979) and *State v. Walker*, 102 Ohio App.3d 625, 626, 657 N.E.2d 798 (2nd Dist.1995).

{¶27} A trial court may entertain a late or successive petition for postconviction relief only if a petitioner satisfies the statutory requirements set forth in R.C. 2953.23(A). In the instant case, appellant did not aver, let alone demonstrate, that he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to appellant's claim. R.C. 2953.23(A)(1). Nor did appellant demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense. R.C. 2953.23(A)(2). Without that showing, the trial court was without authority to entertain the petition.

{¶28} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶29} For the reasons stated above, the trial court's judgment is hereby affirmed. The matter is remanded solely for the trial court to issue a nunc pro tunc sentencing entry providing that appellant's sentences for rape are mandatory.


By:  Delaney, J. and

Farmer, P.J.

Wise, J., concur.