[Cite as *State v. VanCleve*, 2016-Ohio-7546.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-06-039 |
| | : | O P I N I O N |
| - vs - | | 10/31/2016 |
| | : | |
| NATHAN C. VANCLEVE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 0204

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Nathan C. Vancleve, #A687035, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Nathan C. Vancleve, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to vacate his sentence. For the reasons set forth below, we affirm the decision of the trial court.[1]

{¶ 2} In April 2013, Vancleve was indicted on three counts of rape of a child younger

---

1. Pursuant to Loc.R. 6(A). the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

than 10 years old in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition of a child younger than 13 years old in violation of R.C. 2907.05(A)(4). The bill of particulars alleged that Vancleve performed multiple sexual acts upon a young male child while the child was in the bathtub. The acts included Vancleve inserting his tongue in the child's anus, digitally penetrating the child's anus, performing fellatio on the child, and masturbating the child's penis.

{¶ 3} In July 2013, Vancleve agreed to plead guilty to three amended counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of third degree, with an agreed sentence of 20 years. Vancleve entered his guilty plea on July 8, 2013, and was sentenced on July 11, 2013, to a six-year prison term on each of the rape counts and a two-year prison term on the gross sexual imposition charge. The trial court ordered Vancleve to serve the prison terms consecutively for an aggregate sentence of 20 years, thereby accepting the sentence as agreed upon by the state and Vancleve. The trial court did not inform Vancleve at the time it accepted his guilty plea or at the sentencing hearing that his sentences for the rape convictions were mandatory pursuant to R.C. 2929.13(F)(2).[2] The sentencing entry also did not specify that the rape sentences were mandatory.

{¶ 4} Vancleve did not directly appeal his convictions or sentence. In February 2014, Vancleve filed a "Motion to Vacate Void Sentence Pursuant to Criminal Rules (47) and (57)." In his motion, Vancleve raised three issues, arguing (1) trial counsel was ineffective, (2) the offenses for which he was convicted were allied offenses of similar import, and (3) his sentence was contrary to law. The trial court denied his motion and Vancleve appealed. We

_____

2. The record reflects that at the time Vancleve entered his plea, the Written Plea of Guilty form originally stated the 18-year prison sentence for the rape convictions were mandatory. However, after an on-the-record discussion between the state and the trial court, wherein the statute was misread, the plea form was changed to reflect "0 years mandatory."

- 2 -

affirmed, finding Vancleve's motion was properly denied as an untimely petition for postconviction relief. *State v. Vancleve*, 12th Dist. Clermont No. CA2014-03-024, 2015-Ohio-230.

**{¶ 5}** In June 2015, Vancleve filed a "Motion to Re-Sentence Pursuant to Crim.R. 52(B); R.C. 2941.25; and R.C. 2929.14(C)(4) Void Judgment." Vancleve argued the trial court erred in imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4), and he again contended his offenses should have merged as allied offenses of similar import. On July 29, 2015, Vancleve's motion was denied by the trial court as an untimely, successive petition for postconviction relief.

**{¶ 6}** Thereafter, on December 28, 2015, Vancleve filed a motion for leave to file a delayed appeal with this court, in which he sought to raise an issue relating to the trial court's imposition of consecutive sentences. However, as Vancleve did not comply with the requirements of App.R. 5 in filing his motion, we denied his motion. *State v. Vancleve*, 12th Dist. Clermont No. CA2015-12-104 (Jan. 15, 2016) (Entry Denying Motion for Leave to File Delayed Appeal).

**{¶ 7}** On March 11, 2016, Vancleve filed a "Motion to Vacate Sentence," in which he argued his sentence was void because the trial court failed to inform him of the mandatory nature of his rape sentences. Vancleve stated he "was not informed of the mandatory sentences until he was given a review at his institution." Vancleve sought to have his sentence vacated and to be resentenced by the trial court. In support of his motion, Vancleve submitted an affidavit, in which he averred, in relevant part, as follows:

> 2. I pled guilty to a twenty-year sentence in the above case. At no time did my attorney inform me that I had sentences that were mandatory.
>
> 3. At no time did the court during the plea colloquy inform me that I had sentences that were mandatory.

4. During a review at my institution, I was informed that I had 18 years that were mandatory.

5. During a review at the institution, I was informed that I could not receive good good [sic] days until ther [sic] mandatory sentences were completed.

{¶ 8} The state filed a memorandum in opposition to Vancleve's motion, arguing the motion should be treated as an untimely petition for postconviction relief that did not meet the requirements of R.C. 2953.23. The state further argued Vancleve's arguments were barred by the doctrine of res judicata. Finally, the state contended that even if the court were to grant the motion and resentence Vancleve, "resentencing should be limited only to the sentences for the three rape convictions and only so far as this Court informs [Vancleve] the sentences are mandatory."

{¶ 9} On May 19, 2016, the trial court denied Vancleve's motion, finding that the motion was an untimely, successive petition for postconviction relief and that Vancleve's arguments were barred by res judicata. In finding Vancleve's motion to be without merit, the court stated the following:

> The defendant is correct, however, that the Court did not inform the defendant that the term of imprisonment for any rape, pursuant to R.C. 2929.13(F)(2), is mandatory. It would appear that the assistant prosecutor originally stated on the plea form that the 18 years were mandatory, but after a discussion with the Court on the record, misread the statute and determined that it was not. Consequently, the Court changed the plea form to zero years mandatory.
>
> However, the record reflects that the defendant's guilty pleas were made pursuant to an agreement between the State of Ohio, defense counsel, and the defendant to a twenty (20) year term of imprisonment. * * *
>
> In this case, there is no question that the prosecution and the defendant jointly recommended the 20-year sentence, and the Court imposed the sentence. * * * [T]he agreed upon and imposed sentence was authorized by law. The defendant agreed to serve 18 years on the rape charges, and should have expected at the time of his plea and sentencing to serve nothing less than

- 4 -

18 years on the rape charges, plus 2 years for gross sexual imposition. This is the sentence he agreed to serve, thus the Court finds this is the sentence he should expect to serve.

{¶ 10} Vancleve timely appealed, raising as his sole assignment of error the following:

{¶ 11} THE TRIAL COURT ERRED BY FAILING TO INFORM THE APPELLANT OF THE MANDATORY NATURE/PROVISIONS OF HIS SENTENCE IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES, THE OHIO CONSTITUTION, AND STATUTORY LAW.

{¶ 12} Vancleve argues the trial court erred in denying his "Motion to Vacate Sentence" as the trial court's failure to inform him of the mandatory nature of his rape sentences resulted in a void sentence. Vancleve argues his sentence is both unauthorized by law and contrary to law, and he seeks to have his current sentence vacated and to be "resentenced as required by law."[3]

*Mandatory Sentence – R.C. 2929.13(F)(2)*

{¶ 13} Vancleve was convicted of three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree. R.C. 2929.13(F)(2) requires the trial court to impose a mandatory prison term upon these convictions. Specifically, the statute provides:

> (F) Notwithstanding divisions (A) to (E) of this section, *the court shall impose a prison term* or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code *and except as specifically provided* in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code *shall not reduce the term or terms pursuant to section 2929.20*, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
>
> * * *

---

2. Vancleve's appeal, as well as his underlying "Motion to Vacate Sentence," is focused solely on his sentence. Vancleve has not challenged his plea or conviction. Our review, therefore, is limited to whether his sentence is void or voidable and whether he is entitled to be resentenced.

(2) *Any rape*, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been guilty of a violation of division (A)(1)(b) of section 2907.02 of the Revised Code and would be sentenced under section 2971.03 of the Revised Code[.]

(Emphasis added.) R.C. 2929.13(F)(2). Therefore, as relevant to Vancleve's rape convictions, the trial court may not reduce the stated prison terms and Vancleve is ineligible for judicial release. R.C. 2929.20. *See also State v. Johnson*, 5th Dist. Delaware No. 16CAA030011, 2016-Ohio-4617, ¶ 19.

*Sentence Not Void*

{¶ 14} Vancleve argues the trial court's failure to inform him of the mandatory nature of his sentence results in the sentence being void and that the proper remedy is to order that he be resentenced.

{¶ 15} As an initial matter, we note that a void sentence "may be reviewed at any time, on direct appeal or by collateral attack" and "[p]rinciples of res judicata * * * do not preclude appellate review." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 30. "However, even where a portion of a sentence is considered void, only that portion of the sentence is void, not the entire sentence." *State v. Colvin*, 7th Dist. Mahoning No. 15 MA 0162, 2016-Ohio-5644, ¶ 22, citing *Fischer* at ¶ 26. The void sanction doctrine "presupposes a valid conviction" and does not permit reexamination of all perceived errors in other proceedings prior to sentencing as "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuring sentence." *Fischer* at paragraph three of the syllabus and ¶ 25.

{¶ 16} The void sanction doctrine is limited to a narrow vein of cases. *See Colvin* at ¶ 23; *Fischer* at ¶ 31 ("Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control"). In

- 6 -

addition to applying the doctrine to a trial court's failure to properly impose postrelease control, the Ohio Supreme Court has also used the doctrine to find facially void an aspect of a sentence where the trial court failed to impose a mandatory driver's license suspension and where a trial court failed to impose a mandatory fine. *See State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908 (mandatory driver's license suspension); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479 (mandatory fine). However, the supreme court declined to apply the doctrine to situations where a trial court fails to inform an offender in open court of mandatory court costs. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954.

{¶ 17} A number of district courts have had the opportunity to examine the effect of a trial court's failure to advise a defendant that his or her sentence is mandatory. *See Colvin*, 2016-Ohio-5644; *Johnson*, 2016-Ohio-4617; *State v. Walker*, 5th Dist. Richland No. 15CA104, 2016-Ohio-1462; *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450. These courts have declined to extend the void sanction doctrine, concluding that a trial court's failure to state that a prison term is mandatory does not render the sentence void. *Colvin* at ¶ 32 ("we conclude the failure to specifically say a sentence is 'mandatory' does not make the sentence, more specifically the sanction, void"); *Johnson* at ¶ 21 (finding the trial court's failure to state that prison terms are mandatory "does not render the sentence void"); *Walker* at ¶ 23 (finding a defendant's sentence "voidable, not void" where the trial court failed to inform the defendant his sentence was mandatory); *Jones* at ¶ 10 (finding "the absence of 'mandatory' regarding [a defendant's] prison terms for possession of drugs does not render his sentence void").

{¶ 18} We agree with the aforementioned courts, and find that a trial court's failure to specify that a sentence is mandatory does not make the sentence void. R.C. 2929.19(B)(7) specifically provides that

> *[t]he failure of the court to notify the offender that a prison term is*

- 7 -

*a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences.* If the sentencing court notifies the offender at the sentencing hearing that a prison term is mandatory but the sentencing entry does not specify that the prison term is mandatory, the court may complete a corrected journal entry and send copies of the corrected entry to the offender and the department of rehabilitation and correction, or, at the request of the state, the court shall complete a corrected journal entry and send copies of the corrected entry to the offender and department of rehabilitation and correction.

(Emphasis added.) By operation of law, the sentences imposed on Vancleve for his rape convictions were mandatory. *See* R.C. 2929.13(F)(2); *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, ¶ 14 (noting that an entire prison term was "mandatory by operation of law" and that the trial court was prohibited from granting judicial release). Regardless of whether the mandatory nature of his rape sentences was conveyed to Vancleve, the validity of the imposed sentences was not affected. Vancleve's sentence, therefore, was not void.

*Error Not Reversible*

{¶ 19} Further, pursuant to R.C. 2929.19(B)(7), the trial court's failure to inform Vancleve of the mandatory nature of his prison sentences does not result in a voidable, or reversible, error as "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term" has no "affect [on] the validity of the imposed sentence or sentences."

{¶ 20} Moreover, even if it was reversible error for a trial court to fail to inform a defendant that his or her sentence is mandatory, under the circumstances presented in the present appeal, we conclude Vancleve has failed to meet the requirements of R.C. 2953.23 and his arguments are barred by the doctrine of res judicata. *See State v. Gopp*, 9th Dist. Wayne No. 15AP0046, 2016-Ohio-5088; *Walker*, 2016-Ohio-1462 at ¶ 24. Here, Vancleve's motion was properly construed by the trial court as an untimely petition for postconviction

relief. *See State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10; R.C. 2953.21(A)(2). As Vancleve's petition failed to demonstrate either that he was unavoidably prevented from discovering the facts necessary for his claim for relief or that the United State Supreme Court has recognized a new federal or state right that applies retroactively to his claim for relief, the trial court lacked jurisdiction over his petition. *See* R.C. 2953.23(A)(1)(a). Vancleve could have, and should have raised the issue of the mandatory nature of his rape sentences on direct appeal. As such, Vancleve's claims are barred by the doctrine of res judicata, which states that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from the judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶ 21} Accordingly, for the reasons stated above, we find no error in the trial court's denial of Vancleve's "Motion to Vacate Sentence." The trial court's failure to advise Vancleve that his rape sentences were mandatory did not render his sentence void or otherwise result in reversible error. Vancleve's sole assignment of error is, therefore, overruled.

{¶ 22} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.