[Cite as *State v. Johnson*, 2017-Ohio-4116.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                          :

                             CASE NO. CA2016-07-128

      Plaintiff-Appellee,            :

                             O P I N I O N

                          :         6/5/2017

      - vs -                        

                             :

DONALD LEE JOHNSON,          :

      Defendant-Appellant.        :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-02-0199


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Donald Lee Johnson, #A655188, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Donald Lee Johnson, appeals from the decision of the Butler County Court of Common Pleas denying his pro se post-sentence motion to withdraw his no contest plea to a charge of aggravated possession of drugs.[1] For the reasons outlined

---

1. Although convicted and sentenced to two other offenses, Johnson's motion to withdraw his no contest plea only argued against his conviction and sentence for aggravated possession of drugs. We will therefore tailor our opinion accordingly.

below, we affirm.

**{¶ 2}** As relevant here, on September 19, 2011, Johnson entered a no contest plea to a charge of aggravated possession of drugs in violation of R.C. 2925.11, a first-degree felony. According to the bill of particulars, the charge arose after Johnson was discovered with 1,919 tablets of morphine on the morning of December 8, 2010 while in Hamilton, Butler County, Ohio. Unfortunately, prior to accepting Johnson's plea, the trial court did not inform Johnson that the prison sentence to be imposed for this charge would be mandatory. Instead, while the transcript of this hearing is incomplete, it is undisputed the trial court incorrectly stated that there was merely a presumption of prison. The no contest plea form, however, did explicitly state that the sentence to be imposed for aggravated possession of drugs was mandatory. Johnson's signature appears on the no contest plea form.

**{¶ 3}** On October 31, 2011, the trial court held a sentencing hearing wherein it sentenced Johnson to an aggregate term of 13 years in prison, eight of which were to be served on the aggravated possession of drugs offense. The trial court also ordered Johnson to pay $19,000 in fines, $10,000 of which were mandatory. The trial court's sentencing entry correctly stated that the eight-year prison sentence imposed for the aggravated possession of drugs offense was "a mandatory prison term" in accordance with R.C. 2929.13(F).

**{¶ 4}** On September 2, 2014, this court affirmed Johnson's conviction and sentence on direct appeal in *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776. As part of this appeal, Johnson did not allege the trial court erred when it did not specifically inform him at the plea hearing that the sentence to be imposed resulting from his no contest plea to aggravated possession of drugs was a mandatory prison term. Instead, Johnson merely argued "the trial court erred in imposing fines upon him because he is indigent, and that his trial counsel was ineffective for failing to argue against the fines." *Id.* at ¶ 8.

**{¶ 5}** Over a year later, on March 7, 2016, Johnson filed a pro se post-sentence

- 2 -

motion to withdraw his no contest plea to the aggravated possession of drugs charge. In support of this motion, Johnson alleged his no contest plea was not entered knowingly, intelligently, and voluntarily since the trial court had not specifically informed him that the sentence imposed for that charge would be mandatory, thus making him ineligible for early judicial release. After holding a hearing on the matter, during which time Johnson was represented by counsel, the trial court denied Johnson's motion upon finding his claim was barred by the doctrine of res judicata. In so holding, the trial court found "the issue raised in [Johnson's motion] to withdraw plea is not an issue that was beyond the knowledge of [Johnson]" for he "was put on notice of the mandatory nature of the sentence, as well as the contradictory information provided by the trial judge, prior to the filing of his direct appeal in 2014."

{¶ 6} Johnson now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CRIM. R. 32.1 MOTION TO WITHDRAW HIS GUILTY [sic] PLEA UNDER THE DOCTRINE OF RES JUDICATA THEREBY DENYING HIS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTION BECAUSE APPELLANT'S GUILTY [sic] PLEA WAS LESS THAN KNOWING AND INTELLIGENTLY MADE.

{¶ 8} In his single assignment of error, Johnson argues the trial court erred by denying his pro se post-sentence motion to withdraw his no contest plea to the aggravated possession of drugs charge. In support of this claim, Johnson argues the trial court erred by finding the doctrine of res judicata barred his claim since his plea was not entered knowingly, intelligently, and voluntarily when the trial court failed to inform him that the sentence imposed for that charge would be mandatory, thus making him ineligible for early judicial release. We disagree.

**Standard of Review**

{¶ 9} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of a sentence, such as the case here, has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice is defined as "a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 15.

{¶ 10} We review a trial court's decision on a post-sentence motion to withdraw a plea for an abuse of discretion. *State v. Powell*, 12th Dist. Clermont No. CA2009-05-028, 2009-Ohio-6552, ¶ 10. An abuse of discretion is more than an error of law or judgment. *State v. Miller*, 12th Dist. Butler No. CA2016-01-007, 2016-Ohio-7360, ¶ 7. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

**The Doctrine of Res Judicata**

{¶ 11} The doctrine of res judicata provides that "a final judgment of conviction bars a

convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Thus, as this court has stated previously, the doctrine of res judicata applies and bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a plea that were raised or could have been raised in a prior proceeding. *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 18. In other words, claims raised in support of a Crim.R. 32.1 post-sentence motion to withdraw a plea that could have been raised on direct appeal, but were not, are barred by res judicata. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 11. Res judicata, however, does not apply to a void sentence for a void sentence may be reviewed at any time. *State v. Vancleve*, 12th Dist. Clermont No. CA2016-06-039, 2016-Ohio-7546, ¶ 15, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 30.

**Johnson's Claim is Barred by Res Judicata**

{¶ 12} As noted above, Johnson argues the trial court erred by denying his pro se post-sentence motion to withdraw his no contest plea to aggravated possession of drugs because his plea was not entered knowingly, intelligently, and voluntarily where the trial court failed to inform him that the sentence imposed would be mandatory, thus making him ineligible for early judicial release. However, as this court has stated previously, this failure does not result in a sentence being rendered void. *Vancleve*, 2016-Ohio-7546 at ¶ 18 ("a trial court's failure to specify that a sentence is mandatory does not make the sentence void"). Rather, this failure merely renders a sentence voidable. *State v. Green*, 12th Dist. Butler No. CA2016-09-187, 2017-Ohio-2800, ¶ 12, citing *State v. Floyd*, 12th Dist. Warren

No. CA2016-09-077, 2017-Ohio-687, ¶ 18, quoting *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶ 17. Consequently, the doctrine of res judicata still applies. *Id.*

{¶ 13} After a thorough review of the record, and just as the trial court found, we find Johnson was well aware that the sentence imposed for aggravated possession of drugs would be mandatory, thus making him ineligible for early judicial release, prior to him entering his no contest plea. As the record reveals, although not specifically informed by the trial court at his plea hearing, Johnson's signature appears on the no contest plea form, a form that does explicitly state the prison sentence imposed for that offense would be mandatory. Johnson further acknowledged on the record that he had read and reviewed this form with his trial counsel prior to entering his no contest plea. Johnson, therefore, being fully aware of the trial court's contradictory statements regarding the mandatory nature of this sentence, could have, and should have, raised this issue as part of his direct appeal.

{¶ 14} Despite this, Johnson claims that it was impossible for him to raise this issue since the transcript of the plea hearing was incomplete. However, as the trial court correctly noted, "[e]ven if appellate counsel would not have been made aware of the error through the transcript of the plea hearing, [Johnson] had knowledge of the error and the opportunity to bring said error to the attention of appellate counsel to be argued on appeal." We agree with the trial court's rationale, which is further supported by the fact that the trial court's sentencing entry correctly stated that the sentence imposed for the aggravated possession of drugs offense was "a mandatory prison term" in accordance with R.C. 2929.13(F). Johnson, however, did not raise this as part of his direct appeal and res judicata applies. Therefore, because the doctrine of res judicata now bars Johnson's claim, we find no error in the trial court's decision to deny Johnson's pro se post-sentence motion to withdraw his no contest plea.

**Law of the Case Doctrine**

{¶ 15} Alternatively, as noted above, prior to filing his motion to withdraw, this court affirmed Johnson's conviction and sentence on direct appeal. As stated by the Ohio Supreme Court, such a motion "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 98 (1978). In other words, absent a remand from a higher court, a trial court is without jurisdiction to decide a motion to withdraw a plea once the appellate court has affirmed the appellant's conviction on direct appeal. *State v. Kwambana*, 12th Dist. Clermont No. CA2016-08-060, 2017-Ohio-1406, ¶ 16; *State v. Asher*, 12th Dist. Butler No. CA2013-12-234, 2015-Ohio-724, ¶ 7. However, because the trial court determined that the doctrine of res judicata applied, and because Johnson is appearing pro se in this matter raising that very issue as his single assignment of error, further discussion of that issue was warranted under these limited circumstances. Accordingly, whether under the doctrine of res judicata or based on the law of the case, Johnson's single assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.