[Cite as *State v. Johnson*, 2016-Ohio-7731.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| BRIAN A. JOHNSON | : | Case No. 16 CAA 08 0033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                     Pleas, Case No. 15-CRI-01-0019



JUDGMENT:                                    Affirmed



DATE OF JUDGMENT:                      November 10, 2016



APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JAHAN KARAMALI                          BRIAN A. JOHNSON, Pro Se
140 North Sandusky Street               Inmate #707-245
Third Floor                                      Chillicothe Correctional Institution
Delaware, OH  43015                       P.O. Box 5500
                                                     Chillicothe, OH  45601

*Farmer, P.J.*

{¶1}   On January 17, 2014, the Delaware County Grand Jury indicted appellant, Brian Johnson, on four counts of rape in violation of R.C. 2907.02 and four counts of sexual battery in violation of R.C. 2907.03.

{¶2}   A jury trial commenced on May 20, 2014.   Four of the counts were amended to attempted offenses and appellant was found guilty as charged.   By judgment entry filed July 8, 2014, the trial court merged some of the offenses and sentenced appellant to an aggregate term of fourteen years in prison.

{¶3}   Appellant filed an appeal and this court affirmed his convictions and sentence.   *State v. Johnson,* 5th Dist. Delaware No. 14CAA070039, 2015-Ohio-1676, *appeal not accepted,* 43 Ohio St.3d 1501, 2015-Ohio-4468.   Appellant applied to reopen his appeal which the Supreme Court of Ohio declined to review on March 23, 2016. *State v. Johnson,* 145 Ohio St.3d 1425, 2016-Ohio-1173.

{¶4}   On February 26, 2015, appellant filed a petition for postconviction relief focusing on ineffective assistance of counsel.   By a thorough and lengthy judgment entry filed March 12, 2015, the trial court denied the petition without a hearing. Appellant filed an appeal which this court dismissed for unauthorized practice of law. *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 03 0027.

{¶5}   On October 21, 2015, appellant filed another petition for postconviction relief which the trial court denied the next day as a successive petition not meeting the requirements of R.C. 2953.23(A)(1).   Appellant filed an appeal and this court affirmed the trial court's decision.   *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 11 0092, 2016-Ohio-1213, *appeal not accepted,* 146 Ohio St.3d 1471, 2016-Ohio-5108.

{¶6}   On November 25, 2015, appellant moved for appointment of counsel which the trial court denied on November 30, 2015.  Appellant filed an appeal which this court dismissed for want of prosecution.  *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 12 0096.

{¶7}   On March 3, 2016, appellant filed a motion for resentencing which the trial court denied on the same day.  Appellant filed an appeal and this court affirmed the trial court's decision, but remanded the matter to the trial court to issue a nunc pro tunc sentencing entry stating the rape sentences are mandatory.  *State v. Johnson,* 5th Dist. Delaware No. 16CAA030011, 2016-Ohio-4617.   Appellant did not appeal to the Supreme Court of Ohio.  Instead, appellant filed a motion for reconsideration which this court denied on October 20, 2016.

{¶8}   On June 24, 2016, the trial court issued a nunc pro tunc judgment entry as directed by this court.

{¶9}   On July 21, 2016, appellant filed a second motion for resentencing which the trial court denied the next day.

{¶10}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶11} "DEFENDANT-APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO PROCEDURAL DUE PROCESS AND EQUAL PROTECTION OF THE LAWS, GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 2 & 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT [FAILED TO COMPLY WITH

STATUTORILY MANDATED TERMS AND RULE REQUIREMENTS] PURSUANT TO CRIM.R. 32(B)(3)(a), (b); CRIM.R.32(C); R.C. 120.05(A); OHIO ADMINISTRATIVE CODE RULE: 120-1-03; 120-1-05; RESULTING IN [JURISDICTIONAL, PROCEDURAL, PREJUDICIAL, AND REVERSIBLE PLAIN ERROR], THEREBY, RENDERING HIS [SENTENCE & SENTENCING ENTRY], [UNAUTHORIZED BY LAW], [CONTRARY TO LAW], [A NULLITY AND VOID IN-PART]."

II

{¶12} "DEFENDANT-APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE 6TH AMENDMENT, UNDER THE EQUAL PROTECTION AND DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2, 10 & 16, OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN TRIAL COUNSEL FAILED TO [OBJECT] TO THE COURT'S VOID IMPOSITION OF SENTENCE PURSUANT TO CRIM.R.44 (A); CRIM.R. 32(B)(3)(a),(b) AS WELL AS APPELLATE COUNSEL'S FAILURE TO RAISE THE ISSUE ON APPEAL; ALSO TRIAL COUNSEL FAILED TO COMPLY WITH R.C. 120.05 (A), (B); FAILING TO [INVESTIGATE] AND SUBMIT A FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY FORM TO THE COURT FOR DETERMINATION OF INDIGENCY AND POSSIBLE WAIVER OF COURT COSTS, AS WELL AS APPELLANT COUNSELS FAILURE TO RAISE THIS ISSUE ON APPEAL; TRIAL COUNSEL ALSO, [FAILED TO INFORM, CONSULT, ADVISE, AND EXPLAIN] THESE CIRCUMSTANCES AS A POSSIBLE OUTCOME OR PENALTY IN THE EVENT OF CONVICTION TO APPELLANT, DURING [PRETRIAL PLEA NEGOTIATIONS]; THUS,

RENDERING [BOTH] COUNSEL'S PERFORMANCE CONSTITUTIONALLY DEFICIENT, BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, THEREBY, RESULTING IN A [VOIDABLE CONVICTION] IN THIS REGARD, AND A [SUBSTANTIAL PREJUDICE SUFFERED].

I, II

{¶13} Appellant once again challenges his sentence and claims ineffective assistance of counsel.

{¶14} In his second motion for resentencing filed on July 21, 2016, appellant listed several questions for review at pages 21 and 36.  In its July 22, 2016 judgment entry denying the motion, the trial court stated the following:

Because both I and the court of appeals have already addressed in our earlier rulings the issues surrounding the defendant's sentence that he now raises again, and because nothing in R.C. 2953.23(A) or any other statute or rule permits the defendant to continue to raise his sentencing-related claims now, his latest request for resentencing is denied.

{¶15} In reviewing previous motions and rulings and appellant's second motion for resentencing, we concur with the trial court's analysis.

{¶16} In *State v. Reynolds,* 79 Ohio St.3d 158, 160, 1997-Ohio-304, the Supreme Court of Ohio explained despite a motion's caption, a motion meets the definition of a petition for postconviction relief under R.C. 2953.21 if it is (1) filed

subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence.

{¶17} Accordingly, in reviewing appellant's second motion for resentencing, we find it to be a petition for postconviction relief as defined in R.C. 2953.21. Based upon appellant's past filings, the subject motion was a successive petition for postconviction relief. R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found

the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶18} In reviewing appellant's second motion for resentencing/petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶19} In addition, appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180–181 as follows:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶20} In reviewing appellant's second motion for resentencing/successive petition for postconviction relief, we find the arguments therein could have been raised on direct appeal.

{¶21}  Upon review, we find the trial court did not err in denying appellant's motion/petition.

{¶22}  Assignments of Error I and II are denied.

{¶23}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.


SGF/sg 926