[Cite as *State v. Ward*, 2016-Ohio-216.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-794 |
| v. | : | (C.P.C. No. 97CR-270) |
| Rex S. Ward, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 21, 2016

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Rex S. Ward*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Rex S. Ward, appeals from a judgment of the Franklin County Court of Common Pleas entered on July 29, 2015 which denied his post-sentencing motion to withdraw his guilty plea. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 17, 1997, Ward was indicted for two counts of kidnapping, four counts of rape, one count of felonious assault, two counts of aggravated burglary, one count of aggravated robbery, three counts of robbery, three counts of theft, and four counts of receiving stolen property. On October 17, 1997, Ward pled guilty to all counts without any promises or deals of any kind. By entry filed February 11, 1998, the trial court sentenced Ward to serve 38 years in prison.

{¶ 3} Ward attempted to appeal for the first time on June 30, 2006. This court denied leave to appeal on August 8, 2006 and denied reconsideration of that decision on

No. 15AP-794

September 12, 2006.  *State v. Ward*, 10th Dist. No. 06AP-678 (Aug. 8, 2006) (memorandum decision); *State v. Ward*, 10th Dist. No. 06AP-678 (Sept. 12, 2006) (memorandum decision).  The Supreme Court of Ohio declined to take jurisdiction of a further attempted appeal on December 13, 2006.

{¶ 4}  Several years passed before, on December 22, 2014, Ward filed a motion to withdraw his guilty plea.  Following briefing by the parties, the trial court denied the motion on July 29, 2015.  Ward now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}  Ward presents two assignments of error for review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA AS HE DEMONSTRATED A MANIFEST INJUSTICE.
>
> [II.] THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH CRIMINAL RULE 11.

Because these assignments of error are interrelated we address them together.

## III.  DISCUSSION

{¶ 6}  When a defendant seeks to withdraw his or her guilty plea after sentence is imposed, the court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" in order "to correct manifest injustice."  Crim.R. 32.1; *see also State v. Reeder*, 12th Dist. No. CA2013-05-075, 2014-Ohio-2233, ¶ 23.  The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea.  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

> The decision whether to hold a hearing on a postsentence motion to withdraw guilty plea and whether to grant or deny the motion is left to the discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus * * *. Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea or the decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16.

*State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 8.  "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, we note that no court has the authority, within its discretion, to commit an error of law."

No. 15AP-794

*Id.*, citing *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8; *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 7} Crim.R. 32.1 places no temporal limitation on the ability of courts to "correct manifest injustice" by setting aside a conviction after a sentence and permitting the defendant to withdraw his or her plea. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14. Nevertheless, timing may be considered by a court in exercising discretion to determine whether a defendant may withdraw his or her plea post-sentencing, because " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *Id.*, quoting *Smith* at paragraph three of the syllabus; *see also State v. Crankfield*, 7th Dist. No. 13 MA 122, 2014-Ohio-2624, ¶ 9, fn. 1.

{¶ 8} The trial court determined, and we agree, that timeliness concerns weigh heavily in reviewing Ward's appeal of the trial court's denial of his post-sentence motion to withdraw his guilty plea, having waited more than 16 years to file it. Ward asserts that he was not informed that his sentences would be mandatory and the transcript and plea form are devoid of such language. However, Ward concedes that the judgment entry containing the record of his conviction and sentence did contain the required language on mandatory prison terms,[1] and that the judgment entry was received by the Ohio Department of Rehabilitation and Correction ("ODRC") in whose custody he has been placed as a result of his offenses.

{¶ 9} Ward argues that, because he, himself, never *received* a copy of the judgment entry, Civ.R. 58 (via Crim.R. 57(B)) has "tolled the Appellants [sic] time to perfect a timely direct appeal and had the Appellant brought this to this Courts [sic] attention in 2006," he would "in fact not [be] required to show good cause for his untimely filing motion for leave [to appeal] as he was not late since the Clerk had not provided him a copy of the Judgment Entry as provided by that rule." (Appellant's Brief, 3.)

---

[1] The face of the judgment entry also confirms this.

No. 15AP-794

{¶ 10} Because Ward acknowledges that the judgment entry in his case was sent to ODRC, service is sufficient under the law and this argument in his motion to withdraw his guilty plea fails.

> Courts may presume service to be proper if the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence. *Nowak v. Nowak*, 8th Dist. No. 80724, 2003-Ohio-1824, at ¶ 7 (citing *Rafalski v. Oates*, 17 Ohio App.3d 65, 66 (1984). *Service of process upon an incarcerated person is presumed sufficient when the envelope containing the summons and complaint is received by an authorized prison official. Security Natl. Bank and Trust Co. v. Jones*, 2nd Dist. No. C.A. 2000-CA-59, (2001-Ohio-1534); *State v. Jones*, 12th Dist. No. CA2000-02-015 (Oct. 16, 2000).

(Emphasis added.) *In re D.C.,* 9th Dist. No. 23484, 2007-Ohio-2344, ¶ 11. *See also In re A.G.,* 4th Dist. No. 14CA28, 2014-Ohio-5014, ¶ 18 ("Ohio courts have concluded that service of process upon a parent confined to a correctional institution is valid when it is sent via certified mail and when a prison official signs the certified mail receipt. *In re T.F.,* 4th Dist. Pickaway No. 07CA34, 2008-Ohio-1238; *In re D.C.,* [*supra*], see *Leman ex rel. Estate of Leman v. Fryman*, 1st Dist. Hamilton No. C-010056, 2002-Ohio-191."). Whether or not the judgment entry was sent by certified mail to ODRC is irrelevant, since Ward has conceded that ODRC has his judgment entry.

{¶ 11} Further, we note that App.R. 4 is the rule that provides the tolling effect as a result of a failure to comply with Civ.R. 58, and it expressly limits its application to civil cases. App.R. 4(A)(3) ("In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."). Finally, this court previously addressed the timeliness of Ward's direct appeal in a prior decision and upon a motion to reconsider that decision and found that his appeal was untimely. *Ward* (Aug. 8, 2006) (memorandum decision); *Ward* (Sept. 12, 2006) (memorandum decision). Ward cannot relitigate that issue now, and even if he could, it would not rehabilitate the damage of his 16-year delay in seeking to withdraw his guilty plea to his motion under review. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92.

No. 15AP-794

{¶ 12} The fact of Ward's over 16-year delay goes to the heart of the trial court's judgment denying his recent motion to withdraw his guilty plea. Granting it would almost certainly prejudice the state at any potential retrial. It is likely that the details of what the women who were kidnapped, robbed, beaten, and raped testified to in the trial before Ward had a change of heart and entered guilty pleas would be difficult to reproduce for retrial 16 years later.

{¶ 13} Ward's affidavit attached to his motion to withdraw his guilty plea does not identify when he became aware of the alleged defect in his plea. Ward merely avers, "I was called into my case manager's office and told that all of my Earned Credits (good days) I had received pursuant to R.C. 2967.193 were being taken as I was serving a mandatory prison term." Because the affidavit is vague as to timing, for all the trial court knew and for all we know, Ward could have become aware of the defect at any time during the past 16 years of his current 38-year term in the state's prison system. Ward's motion was not reasonably timely, and the trial court did not abuse its discretion in denying it as such.

{¶ 14} Ward does not explain how he was prejudiced by the defects he alleges occurred in his plea and sentencing hearings in 1997 and 1998 (except for the inability to earn "good days" in prison) or why these alleged defects resulted in a manifest injustice. While the trial court was required to substantially comply with Crim.R. 11 as to the defects Ward alleges, that is, to explain the mandatory nature of the sentences being imposed,[2] *State v. Nero*, 56 Ohio St.3d 106, 107 (1990), the trial court's failure to do so under the requirements of Crim.R. 11 does not abridge the Constitution and "will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is 'whether the plea would have otherwise been made.' " *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, quoting *Nero* at 108. The trial court did not abuse its discretion in finding that Ward has not sufficiently shown that this defect in the proceeding resulted in prejudice. In addition, because Ward's motion to withdraw his guilty pleas was made

---

[2] For example, in 1997 and 1998, when Ward pled guilty and was sentenced, "mandatory prison term" was defined in relevant part as "[t]he term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) of section 2929.13." 1995 Ohio Am.Sub.H.B. No. 180. As written at that time, R.C. 2929.13(F)(2) provided that the court "shall not reduce the terms" of imprisonment imposed for, among other offenses, "[r]ape." Accordingly, at least some parts of Ward's sentence were required to be mandatory prison terms as the phrase was then defined.

No. 15AP-794

post-sentence, Ward must also show a manifest injustice. *Smith* at paragraph one of the syllabus. Ward does not argue or aver that, if he had realized his sentence would include mandatory time (or even if everything relating to his plea had been procedurally perfect), he would not have pled guilty anyway. Under the factual circumstances of this case, we lack a basis from which to conclude that, even if there were defects in the plea proceedings, prejudice or a manifest injustice occurred such that the trial court abused its discretion in failing to permit Ward to withdraw his plea post-sentence.

{¶ 15} The trial court found that Ward's motion was filed so late as to be prejudicial to the possibility of retrial with no valid excuse offered for the delay. In addition, Ward offered no evidence or even assertion that he suffered prejudice, or further, of a manifest injustice as a result of defects in the plea proceedings in his case. We therefore overrule both assignments of error.

## IV. CONCLUSION

{¶ 16} Ward's post-sentencing motion to withdraw his guilty plea was filed after an unreasonably long delay and failed to demonstrate prejudice and manifest injustice based on the procedural defects alleged. We overrule both of Ward's assignments of error and affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.