[Cite as *State v. Ward*, 2017-Ohio-4411.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                   :           No. 16AP-774
                                    (C.P.C. No. 97CR-270)

v.                                               :

                                      (ACCELERATED CALENDAR)
Rex S. Ward,                                     :

     Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on June 20, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Rex S. Ward*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Rex S. Ward, from a judgment of the Franklin County Court of Common Pleas denying his "motion to vacate a void judgment entry and sentence."

{¶ 2} On January 17, 1997, appellant was indicted on two counts of kidnapping, two counts of aggravated burglary, three counts of robbery, four counts of rape, three counts of theft, four counts of receiving stolen property, one count of aggravated robbery, and one count of felonious assault. On October 17, 1997, appellant entered a guilty plea to all counts of the indictment. By entry filed February 11, 1998, the trial court sentenced appellant to an aggregate term of 38 years incarceration.

{¶ 3}   On June 30, 2006, appellant filed a motion for leave to file a delayed appeal from the trial court's 1998 judgment.  By entry filed August 8, 2006, this court denied appellant's motion (and subsequently denied his application for reconsideration).

{¶ 4}   On December 22, 2014, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In the accompanying memorandum in support, appellant argued the trial court improperly imposed post-release control and that the court failed to notify him of his right to appeal and the mandatory nature of the sentences. By decision and entry filed July 29, 2015, the trial court denied appellant's motion to withdraw his plea.

{¶ 5}   Following an appeal, this court affirmed the judgment of the trial court holding that appellant filed his post-sentencing motion to withdraw his guilty plea after an unreasonably long delay and that he failed to demonstrate prejudice and manifest injustice based on the procedural defects alleged.  *See State v. Ward,* 10th Dist. No. 15AP-794, 2016-Ohio-216 ("*Ward I*").  Appellant subsequently filed a motion for leave to file an application for reconsideration and consideration en banc.  By memorandum decision filed April 28, 2016, this court denied appellant's motion.  *State v. Ward,* 10th Dist. No. 15AP-794 (Apr. 28, 2016) (memorandum decision) ("*Ward II*").

{¶ 6}   On June 22, 2016, appellant filed a pro se motion to "vacate a void judgment entry and sentence."  In his accompanying memorandum in support, appellant argued in part: "Because [the trial court] did not specify what sentences it was imposing as mandatory, it can only be seen as the entire sentence of thirty eight (38) years was ordered mandatory."  On July 6, 2016, plaintiff-appellee, State of Ohio, filed a memorandum contra appellant's motion to vacate arguing that, construed as a petition for post-conviction relief, appellant's petition was untimely and barred by the doctrine of res judicata.

{¶ 7}   By decision and entry filed October 24, 2016, the trial court denied appellant's motion to vacate, construing the motion as a petition for post-conviction relief and finding it to be untimely.  In its decision, the trial court further noted the Tenth District Court of Appeals had "previously confirmed" there was no error in the sentencing entry.

{¶ 8}   On appeal, appellant sets forth the following assignment of error for this court's review:

THE TRIAL COURT ERRED IN RECASTING THE DEFENDANT-APPELLANT'S MOTION TO VACATE A VOID JUDGMENT AND SENTENCE AS A POSTCONVICTION PETITION AND ERRED IN FAILING TO VACATE THE VOID SENTENCE AND JUDGMENT VIOLATING THE DEFENDANT-APELLANT'S DUE PROCESS AND EQ[U]AL PROTECTION RIGHTS SECURED BY BOTH THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶ 9} Under his single assignment of error, appellant contends the trial court erred by improperly recasting his motion to vacate as a petition for post-conviction relief and in failing to vacate a "void" sentence and judgment. As to his latter argument, appellant asserts the trial court's 1998 sentencing entry failed to reflect what actually happened at the plea and sentencing hearings. Specifically, appellant contends the trial court imposed a void sentence by imposing a blanket mandatory prison term, failing "to specify as to which count of the convictions the mandatory prison term applies."

{¶ 10} We first consider appellant's contention that the trial court erred in recasting his motion to vacate as a petition for post-conviction relief. In general, a post-conviction relief proceeding "is a collateral civil attack on a judgment." *State v. King,* 8th Dist. No. 103947, 2017-Ohio-181, ¶ 10. Ohio's post-relief conviction statute, R.C. 2953.21(A), "permits a person who has been convicted of a criminal offense and who claims that there was a constitutional violation that rendered the judgment void or voidable to file a petition asking the court to set aside the judgment or grant other appropriate relief." *Id.* at ¶ 11. Further, a trial court may not entertain an untimely petition for post-conviction relief unless a defendant "initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *State v. Chavis,* 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 9.

{¶ 11} In the instant case, in its decision denying appellant's motion to vacate, the trial court held in part:

> The Supreme Court of Ohio has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been

> violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."
>
> When no direct appeal is taken, a defendant must file any petition for post-conviction relief within 365 days after the expiration of the time to file a direct appeal. Defendant did not file a timely appeal and the time to file an appeal expired in early March, 1998, thirty days after the journalization of the sentencing entry on February 11, 1998. Therefore, any post-conviction petition would have been due in March of 1999. Additionally, Defendant has not demonstrated that one of the exceptions in R.C. 2953.23(A) applies as such, Defendant's Motion is denied as untimely.
>
> Additionally, even if Defendant's Motion was timely filed, the sentencing Court informed Defendant that a prison term was mandatory pursuant to R.C. 2929.13(F), which required a mandatory sentence for rape. The sentencing Court then imposed determinate sentences for each offense, consistent with Senate Bill 2. In this Court's Decision of July 29, 2015 on Defendant's Motion to Withdraw his Guilty Plea, this Court inadvertently interchanged the sentencing Court's use of the word "determinate" with "mandatory." However, this had no effect on this Court's analysis or Decision and is not pertinent to Defendant's current Motion, as there was no mistake in the original sentencing entry, which was previously confirmed by the 10th District Court of Appeals.

(Citation omitted.) (Oct. 26, 2016 Decision & Entry at 2-3.)

{¶ 12} Underlying appellant's contention that the trial court erred in treating his motion as a petition for post-conviction relief is the premise that his 1998 sentence is void. In his pro se brief, appellant asserts the trial court failed to impose a mandatory prison term until it filed its judgment entry "nearly one month after the sentencing hearing," and he maintains that the trial court's action constituted a violation of his due process and equal protection rights.

{¶ 13} In *State v. Muhumed,* 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 6, the defendant filed a motion to vacate and correct void sentence, arguing in part that "the trial court failed to inform him of the mandatory nature of his sentences." This court construed the defendant's motion to vacate as a petition for post-conviction relief where such motion was brought after the time to file a direct appeal had expired and after the defendant's request for leave to file a delayed appeal was denied. *Id.* at ¶ 52, citing *State*

*v. Cataraso,* 4th Dist. No. 01CA2636, 2002-Ohio-3211, ¶ 14 (because the defendant "filed his motion subsequent to the time allowed for a direct appeal, claimed a denial of his constitutional right to be sentenced in accordance with the law, and has asked this court to void or vacate his sentence, we find that his motion constitutes a motion for post-conviction relief").

{¶ 14} Other Ohio courts have construed motions to vacate a void sentence on grounds that the court failed to properly inform a defendant of the mandatory nature of the sentence as petitions for post-conviction relief. *See State v. Vancleve,* 12th Dist. No. CA2016-06-039, 2016-Ohio-7546, ¶ 20 (treating appellant's motion to vacate void sentence, in which he asserted that sentencing entry did not specify his rape sentences were mandatory, as petition for post-conviction relief); *State v. Gopp,* 9th Dist. No. 15AP0046, 2016-Ohio-5088, ¶ 6 (agreeing with state's contention that appellant's motion to vacate void sentence for failure to inform him that his prison terms were mandatory constituted an untimely petition for post-conviction relief).

{¶ 15} Upon review of the record in this case, we find no error by the trial court in construing appellant's motion as a petition for post-conviction relief and in finding it to be untimely. However, even if the motion was timely, appellant's claims are barred by the doctrine of res judicata. Under this doctrine, an individual is barred from "raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Hohvart,* 7th Dist. No. 07 MA 95, 2008-Ohio-5047, ¶ 14.

{¶ 16} As noted, appellant maintains he was entitled to raise his motion outside the parameters of a petition for post-conviction relief based on his assertion that his sentence was void, i.e., appellant contends the trial court failed to properly inform him of the mandatory nature of his rape sentences. Further, premised on his claim that the sentence was void, appellant argues that the doctrine of res judicata is inapplicable.

{¶ 17} In general, "the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances." *State v. Culgan,* 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, ¶ 20. *See also State v. Colvin,* 7th Dist. No. 15 MA 0162, 2016-Ohio-5644, ¶ 23 ("the void sanction doctrine is limited to a narrow vein of cases").

{¶ 18} Ohio appellate courts have "declined to extend the void sanction doctrine" in cases challenging a trial court's alleged failure to advise a defendant that his or her sentence is mandatory, "concluding that a trial court's failure to state that a prison term is

mandatory does not render the sentence void." *Vancleve* at ¶ 17. *See also State v. Jones,* 9th Dist. No. 10CA0022, 2011-Ohio-1450, ¶ 10 (where sentences were within the statutory ranges, "and absent authority to the contrary, the absence of [the word] 'mandatory' regarding [defendant's] prison terms for possession of drugs does not render his sentence void"); *State v. Walker,* 5th Dist. No. 15CA104, 2016-Ohio-1462, ¶ 23 (trial court's failure to include the term "mandatory" in the defendant's sentence did not render such sentence illegal or void).

{¶ 19} In *Vancleve,* the court rejected the appellant's argument that the trial court's failure to inform him of the mandatory nature of his sentence for rape resulted in a void sentence, holding in part: "By operation of law, the sentences imposed on Vancleve for his rape convictions were mandatory. * * * Regardless of whether the mandatory nature of the rape sentences was conveyed to Vancleve, the validity of the imposed sentences was not affected. Vancleve's sentence, therefore, was not void." *Id.* at ¶ 18. The court further held that, pursuant to R.C. 2929.19(B)(7), the trial court's failure to inform the appellant "of the mandatory nature of his prison sentences does not result in a voidable, or reversible, error as '[t]he failure of the court to notify the offender that a prison term is a mandatory prison term' has no 'affect [on] the validity of the imposed sentence or sentences.' " *Id.* at ¶ 19.

{¶ 20} In the present case, in addition to finding that appellant's petition was untimely, the trial court noted that this court had previously addressed and rejected the arguments presented in his motion to vacate. We agree. In *Ward I,* this court, in reviewing appellant's appeal from the trial court's denial of his motion to withdraw guilty plea, addressed his claim that the trial court erred in failing to properly notify him that his sentence would include mandatory time, holding in part:

> Ward asserts that he was not informed that his sentences would be mandatory and the transcript and plea form are devoid of such language. However, Ward concedes that the judgment entry containing the record of his conviction and sentence did contain the required language on mandatory prison terms.
>
> * * *
>
> Ward does not explain how he was prejudiced by the defects he alleges occurred in his plea and sentencing hearings in

1997 and 1998 * * *. While the trial court was required to substantially comply with Crim.R. 11 as to the defects Ward alleges, that is, to explain the mandatory nature of the sentences being imposed, * * * the trial court's failure to do so under the requirements of Crim.R. 11 does not abridge the Constitution and "will not invalidate a plea unless the defendant thereby suffered prejudice. * * * The trial court did not abuse its discretion in finding that Ward has not sufficiently shown that this defect in the proceeding resulted in prejudice. * * * Ward does not argue or aver that, if he had realized his sentence would include mandatory time (or even if everything relating to his plea had been procedurally perfect), he would not have pled guilty anyway. Under the factual circumstances of this case, we lack a basis from which to conclude that, even if there were defects in the plea proceedings, prejudice or a manifest injustice occurred such that the trial court abused its discretion in failing to permit Ward to withdraw his plea post-sentence.

*Id.* at ¶ 8, 14.

{¶ 21} Further, in *Ward II,* we addressed and rejected the argument raised by appellant in his current motion to vacate that his rape convictions did not require a mandatory prison term, holding in part:

Finally, Ward argues that, in a footnote, we erred in finding that Ward was properly sentenced to mandatory time for rape when we noted that:

[I]n 1997 and 1998, when Ward pled guilty and was sentenced, "mandatory prison term" was defined in relevant part as "[t]he term in prison that must be imposed for the offenses or circumstances set forth in division (F)(1) to (8) of section 2929.13." 1995 Ohio Am.Sub.H.B. No. 180. As written at that time, R.C. 2929.13(F)(2) provided that the court "shall not reduce the terms" of imprisonment imposed for, among other offenses, "[r]ape." Accordingly, at least some parts of Ward's sentence were required to be mandatory prison terms as the phrase was then defined.

* * *

Ward argues that this is incorrect because R.C. 2929.13(F)(2) as then-constituted read:

[T]he court shall impose a prison term * * * and * * * shall not reduce the terms * * * for any of the following offenses:

* * *

(2) Rape, felonious sexual penetration, or an attempt to commit rape or felonious sexual penetration by force when the victim is under thirteen years of age[.]

Ward argues that the limiting language, "when the victim is under thirteen years of age," should be read to apply not just to "attempt[s]" but also to accomplished acts of "[r]ape [and] felonious sexual penetration." * * * This is not accurate. Rather the language, "an attempt to commit rape or felonious sexual penetration by force when the victim is under thirteen years of age," is the third item in a disjunctive list where the first two items are "[r]ape" and "felonious sexual penetration." R.C. 2929.13(F)(2) (1997). In other words, the age limit language is part of the third list item, not a limiter of the entire list.

* * *

R.C. 2929.13(F)(2), even as constituted when Ward was convicted and sentenced, provided mandatory prison time for rape regardless of the age of the victim and the legislature's later alterations merely to "clarify" the language to prevent persons from committing exactly the error in interpretation that Ward now makes.

{¶ 22} Thus, as noted by the trial court, this court previously addressed and rejected claims by appellant regarding purported error in the 1998 sentencing entry. Here, the issues raised in appellant's motion to vacate were raised or could have been raised previously, and the doctrine of res judicata bars relitigation of those matters. Accordingly, for the reasons stated above, the trial court did not err in denying appellant's motion to vacate his sentence.

{¶ 23} Based on the foregoing, appellant's single assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____