**[Cite as *State v. Covington*, 2020-Ohio-390.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-50 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-70(A) |
| | : | |
| FREDERICK COVINGTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 4 West Main Street, Suite 707, Springfield, Ohio 45502
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Frederick Covington, appeals from a judgment of the Clark County Court of Common Pleas overruling his "Motion to Vacate Void Judgment of Conviction and Sentence and to Withdraw Guilty Plea." In support of his appeal, Covington argues that the trial court erroneously determined that it lacked jurisdiction to rule on the motion due to the untimely nature of its filing and that, even if it was timely filed, the claims raised therein were barred by res judicata. The trial court did not abuse its discretion in overruling Appellant's petition for post-conviction relief on grounds of untimeliness and res judicata because the untimeliness of Appellant's petition and res judicata bar a challenge to a voidable sentence. Even though the trial court imposed a non-mandatory prison sentence for Appellant's offense of engaging in a pattern of corrupt activity when a mandatory prison sentence was required by law, that portion of Appellant's sentence is voidable, not void. Therefore, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 2} On October 29, 2012, Covington entered into a plea agreement and pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree, and two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (A)(2), both felonies of the first degree. In exchange for Covington's guilty plea, the State agreed to dismiss the remaining charges brought against him in this case as well as the charges in Clark C.P. Nos. 2012-CR-535(A), 2012-CR-605, and 2011-CR-788(A). Both Covington and the State also agreed that Covington would not receive an aggregate prison sentence that exceeded 20 years.

{¶ 3} At Covington's plea hearing, the trial court conducted a Crim.R. 11 plea colloquy and advised Covington of the maximum possible penalties he faced for his offenses. During this exchange, the trial court informed Covington that the trafficking in cocaine offenses carried a mandatory prison term. The trial court, however, did not inform Covington that the charge of engaging in a pattern of corrupt activity also carried a mandatory prison term. The plea form signed and reviewed by Covington indicated that the charge for engaging in a pattern of corrupt activity carried a non-mandatory prison term. The State concedes that the portion of the plea form indicating that prison time was not mandatory for engaging in a pattern of corrupt activity was incorrect and was not remedied prior to sentencing.

{¶ 4} On November 8, 2012, Covington's case proceeded to sentencing. At sentencing, the trial court imposed an eleven-year mandatory prison term for each of the two counts of trafficking in cocaine and ordered those sentences to be served concurrently with one another. The trial court also imposed a seven-year prison sentence for engaging in a pattern of corrupt activity and ordered that sentence to be served consecutively with the sentences for trafficking in cocaine. The trial court did not state that the seven-year prison term for engaging in a pattern of corrupt activity was mandatory. Judgment Entry of Conviction (Nov. 8, 2012), p. 3; Sentencing Tr. (Nov. 8, 2012), p. 17.

{¶ 5} Covington did not file a timely direct appeal from his conviction. However, on May 17, 2013, Covington filed a motion for leave to file a delayed appeal. In his motion, Covington indicated that he wished to appeal the validity of his guilty plea and argued that his appeal was delayed because his trial counsel had advised him that there

was nothing to appeal since he pled guilty and was sentenced within the authorized statutory range.

{¶ 6} On August 7, 2013, this court issued a decision and entry overruling Covington's motion to file a delayed appeal and stated the following:

The November 8, 2012 conviction entry shows that ***Covington was sentenced to a non-mandatory term of seven years on one count of engaging in a pattern of corrupt activity, a first-degree felony.*** Covington argues that the trial court was required by law to impose mandatory prison time for this count. Covington states that at his plea hearing, and within the plea form itself, however, he was not informed that his sentence on Count One [engaging in a pattern of corrupt activity] would be mandatory; indeed, the conviction entry reflects that it is not. As a result, Covington now argues that reversal on appeal is likely because he did not knowingly, intelligently, and voluntarily enter into a plea when he was informed that he would not receive mandatory prison time on Count One, despite mandatory time being required by law.

Upon review, the court does not find Covington prejudiced at this time. Pursuant to the plea agreement,[1] ***he has been ordered to serve a non-mandatory prison sentence on Count One. He was not told the term would be mandatory, and a mandatory term was not imposed.*** Should the non-mandatory sentence be modified and a mandatory term

---

[1] The record indicates that the mandatory/non-mandatory nature of the sentences imposed by the trial court were not part of Covington's plea agreement.

imposed, Covington would have the opportunity at that time to appeal that new sentence.

(Emphasis added.) *State v. Covington*, 2d Dist. Clark No. 13-CA-47 (Decision and Final Judgment Entry, Aug. 7, 2013), p. 2.

{¶ 7} Following this court's decision denying Covington's motion for a delayed appeal, Covington's case remained dormant for five years until Covington filed a "Motion to Vacate Void Judgment of Conviction and Sentence and to Withdraw Guilty Plea" on November 29, 2018. In response to Covington's motion, the State filed an opposing memorandum arguing that the motion was an untimely petition for post-conviction relief that the trial court lacked jurisdiction to consider. The State also argued that the claims asserted in the motion were barred by res judicata. Several months later, on June 5, 2019, the trial court issued an entry overruling Covington's motion without a hearing "for the reasons set forth in the State's brief in opposition[.]" Entry (June 5, 2019), p. 1.

{¶ 8} Covington now appeals from the trial court's order overruling his motion, raising a single assignment of error for review.

### Assignment of Error

{¶ 9} Under his sole assignment of error, Covington contends that the trial court erred in overruling his "Motion to Vacate Void Judgment of Conviction and Sentence and to Withdraw Guilty Plea" without a hearing. Specifically, Covington argues that the trial court erroneously determined that it lacked jurisdiction to rule on the motion due to the untimely nature of its filing. Covington also argues that the trial court erroneously determined that the claims raised in his motion were barred by res judicata.

{¶ 10} Covington's motion is a collateral attack on the validity of his conviction; therefore it is properly construed as a petition for post-conviction relief. *State v. Kuck*, 2d Dist. Darke No. 2017-CA-15, 2018-Ohio-3290, ¶ 6, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "We review a denial of a petition for post[-]conviction relief for which no hearing was held under an abuse of discretion standard." (Citations omitted.) *State v. Wood*, 2d Dist. Clark No. 2018-CA-1, 2018-Ohio-3204, ¶ 8. "An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *Id.*

{¶ 11} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Pursuant to R.C. 2953.21(A)(2), if no appeal is taken, a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." It is well established that "[t]rial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." (Citations omitted.) *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 12} In this case, it is clear that Covington's petition for post-conviction relief was untimely, as it was filed almost five years after the expiration of the deadline to file an appeal from his conviction.[2] Covington also failed to even argue that the untimeliness of

---

[2] Covington's judgment of conviction was entered on November 8, 2012, and the deadline to appeal that judgment was 30 days later on December 8, 2012. *See* App.R. 4(A)(1). Because Covington did not file a direct appeal, he had one year after the 30-day deadline to file his petition for post-conviction relief in accordance with R.C. 2953.21(A)(2). Covington, however, filed his petition on November 29, 2018, almost five years after that deadline. The instant petition was also filed five years after this court issued it August 7, 2013 decision and entry dismissing Covington's motion for leave to file a delayed appeal. Thereafter, Covington's case remained dormant until he filed the instant petition on November 29, 2018.

his petition was excused under the exceptions set forth in R.C. 2953.23(A). However, " 'a trial court, confronted with an untimely * * * petition for post[-]conviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition and, instead, vacate the void sentence and resentence the defendant.' " *State v. Hudson*, 2d Dist. Clark No. 2014 CA 53, 2014-Ohio-5363, ¶ 19, quoting *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.). *Accord State v. Harrison*, 2d Dist. Montgomery No. 24471, 2011-Ohio-6803, ¶ 20; *State v. Alexander*, 8th Dist. Cuyahoga No. 105969, 2018-Ohio-1198, ¶ 15 ("[i]n these circumstances, appellate courts * * * have addressed the merits of otherwise untimely petitions to determine if any alleged errors rendered the defendant's sentence void").

{¶ 13} A void sentence is "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. To the extent that a sentence is void, only the offending portion of the sentence is subject to review and correction. *Id.* at 24-29.

{¶ 14} In his petition for post-conviction relief, Covington sought to vacate his conviction on grounds that it was void. Covington raised two arguments in support of this claim. The first argument was that his guilty plea was not knowingly, intelligently, and voluntarily entered on account of the trial court failing to advise him at the plea hearing that the offense of engaging in a pattern of corrupt activity carried a mandatory prison term, and due to the plea form incorrectly stating that the sentence for that offense was non-mandatory. The second argument was that the sentence he received for engaging in a pattern of corrupt activity was unauthorized by law and void because the trial court

imposed a non-mandatory prison sentence when R.C. 2929.13(F)(10)[3] required the prison sentence to be mandatory for that offense.

{¶ 15} Covington is correct in that R.C. 2929.13(F)(10) required the trial court to impose a mandatory prison sentence for engaging in a pattern of corrupt activity. Covington is also correct in that the trial court improperly imposed a non-mandatory sentence for that offense. We have found this to be reversible error on direct appeal. *State v. Williams*, 2d Dist. Greene No. 2011 CA 44, 2012-Ohio-1240, ¶ 25.

{¶ 16} The State, however, argues that the improper non-mandatory sentence for engaging in a pattern of corrupt activity renders that sentence voidable, not void. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. "Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10, citing *Simpkins* at ¶ 30.

{¶ 17} In support of its claim that Covington's sentence for engaging in a pattern of corrupt activity is merely voidable, the State cites several cases standing for the proposition that a trial court's failure to convey whether a prison term is mandatory at the sentencing hearing or in the sentencing entry does not render the sentence void. *See,*

---

[3] R.C. 2929.13(F)(10) states that the trial court "shall impose a prison term" for "[c]orrupt activity in violation of section 2923.32 of the Revised Code when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree[.]" It is undisputed that the most serious offense in Covington's pattern of corrupt activity was trafficking in cocaine in an amount equal to or greater than 100 grams, a felony of the first degree with mandatory imprisonment.

*e.g., State v. Colvin*, 2016-Ohio-5644, 70 N.E.3d 1012, ¶ 31-32 (7th Dist.); *State v. Johnson*, 5th Dist. Delaware No. 16CAA030011, 2016-Ohio-4617, ¶ 21; *State v. Walker*, 5th Dist. Richland No. 15CA104, 2016-Ohio-1462, ¶ 23; *State v. Jones*, 9th Dist. Wayne No. 10CA0022, 2011-Ohio-1450, ¶ 10; *State v. VanCleve*, 12th Dist. Clermont No. CA2016-06-039, 2016-Ohio-7546, ¶ 18-19.

**{¶ 18}** In all the cases cited by the State, the courts concluded that the sentences were not rendered void by the mere omission of the term "mandatory."  *Colvin* at ¶ 34, citing *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 14; *Johnson* at ¶ 22; *VanCleve* at ¶ 18.   The cases cited by the State partially rely on R.C. 2929.19(B)(7), which provides that "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term * * * does not affect the validity of the imposed sentence or sentences."   That statutory language means that a sentence is not void when there is an omission of the mandatory sentence notification.   The language of this statute was in effect at the time of Covington's sentencing.   *See* Am.Sub.H.B. No. 487, 2012 Ohio Laws File 127.

**{¶ 19}** The Tenth District followed *Vancleve, Jones, and Walker* after noting that the " 'the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances.' "   *State v. Ward*, 10th Dist. Franklin No. 16AP-774, 2017-Ohio-4411, ¶ 17, quoting *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20. Specifically, the Tenth District stated that:

> Ohio appellate courts have "declined to extend the void sanction doctrine" in cases challenging a trial court's alleged failure to advise a defendant that his or her sentence is mandatory, "concluding that a trial

court's failure to state that a prison term is mandatory does not render the sentence void."

*Ward* at ¶ 18, quoting *Vancleve* at ¶ 17.

{¶ 20} Based on the foregoing case law and the language of R.C. 2929.19(B)(7), we agree with the State and find that the trial court's failure to properly impose a mandatory prison sentence for the offense at issue renders that sentence voidable, not void. In so holding, we recognize that in the present case the trial court did not just merely fail to state whether the prison sentence for engaging in a pattern of corrupt activity was mandatory, but proceeded as though the sentence was non-mandatory. For example, at both the sentencing hearing and in the sentencing entry, the trial court expressly stated that the sentences for Covington's other offenses were mandatory, but did not make any such statement with regard to the sentence for engaging in a pattern of corrupt activity.[4] Also, the trial court stated at both the sentencing hearing and in the sentencing entry that Covington could be eligible to receive earned days of credit toward his sentence and that he could potentially reduce his sentence by up to eight percent. If Covington had received only mandatory sentences for his offenses, he would not have been eligible for earned credit. *See State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 7; R.C. 2967.193.

{¶ 21} We do not find that these additional details distinguish Covington's sentence from the foregoing authority or otherwise undermine our conclusion that the sentencing error caused the sentence to be voidable, rather than void. Furthermore, in our decision

---

[4] The canon *expressio unius est exclusio alterius* tells us that the expression of one or more items of a class implies that those not identified in that class are to be excluded. *State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998).

overruling Covington's motion for leave to file a delayed appeal, we held that the erroneous imposition of the non-mandatory prison sentence for engaging in a pattern of corrupt activity did not prejudice Covington. *See State v. Covington,* 2d Dist. Clark No. 13-CA-47 (Decision and Final Judgment Entry, Aug. 7, 2013), p. 2.

{¶ 22} We note that in *State v. Straley*, 2018-Ohio-3080, 107 N.E.3d 8 (4th Dist.), the Fourth District Court of Appeals held that the trial court's improper imposition of non-mandatory prison terms when mandatory prison terms were required by statute rendered the corresponding sentences void and not subject to res judicata. *Id.* at ¶ 21. In reviewing that decision, the Supreme Court of Ohio recently found that the Fourth District misapplied the precedent on void-versus-voidable sentences. *State v. Straley*, Ohio Slip Op. No. 2019-Ohio-5206, __ N.E.3d __, ¶ 24. Specifically, the Supreme Court explained that the appellate court in *Straley* erroneously invoked the "void-versus-voidable-sentence precedent" because the appellant "did not attack his sentences." *Id.* at ¶ 27. Instead, the appellant "used the trial court's failure to tell him that [the sentences] were mandatory to support his motion to withdraw guilty plea." *Id.* The Supreme Court found that "[w]hether res judicata should apply under [its] void-versus-voidable-sentence precedent [did] not matter in [that] context." *Id.* Rather, the court found res judicata applied "because Straley failed to attack his guilty pleas on direct appeal." (Citation omitted.) *Id.*

{¶ 23} Although the Supreme Court in *Straley* did not specifically address the issue of whether the improper imposition of a non-mandatory prison sentence renders a sentence voidable or void, the concurring opinions in that case nevertheless provide some guidance on the matter. For example, Justice DeWine's concurring opinion in

*Straley* states the following:

It is no surprise, though, that the court of appeals reached the result it did. Its conclusion flowed naturally from this court's expansion of the void sentence doctrine beyond its traditional boundaries to include a variety of sentencing errors and from this court's broad pronouncement that a void sentence can be attacked at any time, principles of res judicata notwithstanding. *See, e.g., State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. As I, and others, have explained, this court's expansion of the void-sentence doctrine is inconsistent with concepts of jurisdiction and finality that are a central premise of our judicial system. * * *

This case is simply further evidence that it is long past time to end this court's dalliance with perpetually modifiable sentences. As the majority notes, all three judges on the panel below expressed their frustration with our precedent in this area. * * *

And the Fourth District is hardly alone. Not long ago, the Third District Court of Appeals bemoaned the "mass confusion" that has resulted from this court's departure from traditional principles "as to what mistakes by a trial court rendered a sentence void or voidable," which has been compounded by this court's "sloppiness [in expanding] the void-sentencing-error concept beyond postrelease-control cases to include other random nonjurisdictional-sentencing errors." *State v. Kegley*, 3d Dist. Crawford No. 3-18-03, 2018-Ohio-4167, ¶ 13-14. The Tenth District Court of

Appeals recently warned that this court's extension of the void-sentence doctrine "threaten[s] to swallow the rule [on finality] and lead to a situation where virtually any allegedly serious error in sentencing can be revived time and time again without being foreclosed by res judicata." *State v. Steele*, 10th Dist. Franklin No. 18AP-187, 2018-Ohio-3950, ¶ 11, fn. 1; *accord State v. Davic*, 10th Dist. Franklin No. 18AP-569, 2019-Ohio-1320, ¶ 11, fn. 2.

> *Today, the majority takes a step in the right direction by cabining the void-sentence doctrine at least a bit.* But as this case illustrates, until we return to our traditional understanding of void and voidable sentences, we—and courts across Ohio—will continue to have a mess on our hands.

(Emphasis added.) *Straley* at ¶ 46-49, (DeWine, J., concurring).

**{¶ 24}** Justice Donnelly's concurring opinion in *Straley* also stated that:

> The trial court did not just fail to tell Straley that his sentences were mandatory. The court affirmatively stated that the sentences were *not* mandatory. * * * A court speaks through its journal. *State v. Hampton,* 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15. If the sentencing entry states that the trial court imposed nonmandatory sentences, then Straley is serving nonmandatory sentences, plain and simple.

> Given that the trial court discussed the nonmandatory nature of the sentences that it intended to impose, the state had a full and fair opportunity to object to the trial court's sentencing decision. The state failed to do so at the plea and sentencing hearing and failed to appeal the matter.

> To the extent that res judicata should be applied here, it applies

against the state.   *And I believe that res judicata does apply to sentencing errors like the one in this case.*

(Emphasis added.) *Straley* at ¶ 51-53, (Donnelly, J., concurring in judgment only).

**{¶ 25}** Based on the foregoing concurring opinions in *Straley*, the case law cited by the State in this case, and the language of R.C. 2929.19(B)(7), we find that although Covington's non-mandatory sentence for engaging in a pattern of corrupt activity is improper under R.C. 2929.13(F)(10), the sentence is not void, but voidable.   As a result, the untimeliness of Covington's petition for post-conviction relief and the doctrine of res judicata bar Covington's challenge to his voidable sentence.   Res judicata also bars Covington from attacking his guilty plea based on the trial court's failure to properly advise him at the plea hearing of the mandatory nature of the sentence for engaging in a pattern of corrupt activity, as Covington could have raised that issue in a timely direct appeal, but failed to do so.   Therefore, the trial court did not abuse its discretion in overruling Covington's petition for post-conviction relief based on res judicata and untimeliness.

**{¶ 26}** Covington's sole assignment of error is overruled.

## Conclusion

**{¶ 27}** Having overruled Covington's assignment of error, the judgment of the trial court is affirmed.

DONOVAN, J., concurs.

FROELICH, J., concurs in judgment:

**{¶ 28}** I concur in judgment and write separately to emphasize that Covington was sentenced to and is serving a consecutive, *non-mandatory* seven-year sentence for

engaging in a pattern of corrupt activity. Stated simply, Covington was told he would receive a non-mandatory sentence for that offense, and he got it; under the unique facts of this case, the court's failure to impose the required mandatory sentence worked in Covington's favor. However, if, hypothetically, Covington were somehow now ordered to serve a consecutive mandatory sentence for that offense, or in a converse hypothetical, if a defendant had been ordered to serve a mandatory sentence for a non-mandatory offense, there must be relief available that is not precluded by waiver or res judicata.

**{¶ 29}** "[F]inality is not a stand-alone value that trumps a State's overriding interest in ensuring that justice is done in its courts and secured to its citizens." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 98, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009) (Stevens, J., dissenting). The legitimate quest for finality should not include an overzealous application of the letter of the law. *See* Grant Gilmore, *The Ages of American Law* 111 (1977) ("The worse the society, the more law there will be. In Hell there will be nothing but law, and due process will be meticulously observed.").


Copies sent to:

John M. Lintz
Regina Rosemary Richards
Hon. Douglas M. Rastatter